IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WOODHOUSE<br>157 Fleet Street #303<br>National Harbor, Maryland 20745, | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | CIVIL ACTION NO. _____ |
| v. | : <br> : | |
| TIMMONS CONSTRUCTION LLC,<br>250 N Columbus Blvd Apt 1210<br>Philadelphia, Pennsylvania 19106, | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |
| and | : <br> : | |
| RYAN TIMMONS,<br>845 N. Orianna Street, Unit 3<br>Philadephia, Pennsylvania 19123 | : <br> : <br> : | |

## AMENDED COMPLAINT

Plaintiff Sheila Woodhouse, by and through her undersigned attorney, states the following by way of amended complaint against defendant Timmons Construction LLC ("TCL").

### THE PARTIES, VENUE AND JURISDICTION

1. Plaintiff Sheila Woodhouse is an individual domiciled in Maryland having her permanent residence at 157 Fleet Street #303, National Harbor, Maryland 20745.

2. Upon information and belief, defendant TCL is a limited liability company organized under the laws of the Commonwealth of Pennsylvania having a business address at 250 N Columbus Blvd Apt 1210, Philadelphia, Pennsylvania 19106.

3. Defendant Ryan Timmons is an individual domiciled at 845 N. Orianna Street, Philadelphia, PA 19123.

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between Ms. Woodhouse and the defendants and the amount in controversy is in excess of $75,000.

5. The Court has jurisdiction over this matter, and venue is appropriate in this Court, because the real estate involved in this litigation is located in Philadelphia, Pennsylvania, the transactions and events that give rise to this litigation occurred within Philadelphia, and because all of the defendants are found in Philadelphia.

## FACTUAL BACKGROUND

6. Ms. Woodhouse is the owner of the real estate located at 5100 Larchwood Avenue, Philadelphia, Pennsylvania 19143 (the "Property").

7. Ms. Woodhouse purchased the Property with the intention of renovating the then existing structure on the Property for the purpose of enabling Ms. Woodhouse to use the Property as a secondary residence.

8. TCL holds itself out as a qualified contractor specializing in residential construction, home improvement and remodeling.

9. On or about September 29, 2020, TCL entered into a contract (the "Contract") with Ms. Woodhouse to perform renovations to the Property. TCL agreed to complete the work in 90 working days.

10. The Contract divided the work into two phases and described the work to be performed in these two phases.

11. In a September 28, 2020 text to Ms. Woodhouse, TCL's principal, Ryan Timmons, stated that "for 90-100k I can get all the mechanics in plus drywall and doors. Likely I'll have a few bathrooms workable but not fully finished."

12. To date, Ms. Woodhouse has paid TCL $85,000.

13. To date, TCL has not substantially progressed the work and that numerous items of the work TCL did perform are unsatisfactory.

14. Ms. Woodhouse has made numerous demands and requests to TCL to correct and complete the work, but TCL has not done so.

15. The Contract provides that in the event a dispute arises between the parties, the parties are to attempt to resolve the dispute by "non-binding arbitration."

16. On March 15, 2021, Ms. Woodhouse conveyed a demand to TCL to engage in non-binding arbitration to resolve the parties' dispute. TCL failed to do so.

17. Mr. Timmons is TCL's sole and managing member.

18. On a number of occasions after taking money from Ms. Woodhouse, Mr. Timmonns admitted to Ms. Woodhouse that because of the manner he spent that money on personal purchases and other than for the materials he was required to purchase to complete the work, he did not have sufficient money to perform the work he had agreed to perform for Ms. Woodhouse.

19. As a result of Mr. Timmons' commingling of his business and personal expenditures using the money he generated through TCL's business, TCL was severely undercapitalized to conduct the business TCL was conducting.

20.     It would be inequitable to allow Mr. Timmons to use the corporate form of TCL to evade liability to Ms. Woodhouse when Mr. Timmons took Ms. Woodhouse's money intended to pay for labor and materials, used that money for personal purposes, and failed to provide the agreed upon labor and materials to Ms. Woodhouse.

## COUNT ONE – BREACH OF CONTRACT

21.     Ms. Woodhouse incorporates the allegations of paragraphs 1 through 20 by reference as though set forth fully herein.

22.     Ms. Woodhouse and TCL are parties to a binding contract with respect to the partial demolition and subsequent renovations to be made to the structure on the Property.

23.      By virtue of TCL's acts and omissions as described above, TCL materially breached the parties' contract.

24.     As a consequence of TCL's breach of the parties' contract, Ms. Woodhouse suffered damages.

WHEREFORE, plaintiff Sheila Woodhouse demands judgment in her favor and against Timmons Construction LLC for damages in an amount to be proven at trial, together with prejudgment interest, costs of suit, and such other and further relief as the Court may deem just.

## COUNT TWO – VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

25.     Ms. Woodhouse hereby incorporates the allegations of paragraphs 1 through 24 of the Complaint by reference as though set forth fully herein.

26. Ms. Woodhouse is a consumer who purchased the Premises for household purposes, i.e., for use as a residential home, and contracted with TCL for the demolition and renovation services for the same purposes.

27. By TCL's acts and omissions described above, TCL has violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. (the "Act"), in that TCL:

   a. represented that goods or services had characteristics, ingredients, uses, benefits, or quantities that they do not have;

   b. represented that goods or services were of a particular standard, quality or grade when they were of another;

   c. represented that goods or services were of a particular standard, quality or grade;

   d. failed to comply with the terms of a written guarantee or warranty given to Ms. Woodhouse at, prior to or after a contract for the purchase of goods or services is made;

   e. making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing; and

   f. engaging in other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

28.     As a direct and proximate result of TCL's violation of the Act, Ms. Woodhouse has suffered damages, including but not limited to the amounts Ms. Woodhouse paid to TCL and the additional costs Ms. Woodhouse has incurred and will have to incur to complete the renovation of the structure on the Property.

29.     Pursuant to the Act, Ms. Woodhouse is entitled to three times her actual damages, as well as costs of suit and reasonable attorneys' fees incurred in the prosecution of this litigation.

WHEREFORE, plaintiff Sheila Woodhouse hereby demands judgment in her favor and against defendant Timmons Construction LLC, in an amount to be proven at trial and equal to three times Ms. Woodhouse's actual damages, together with prejudgment interest, costs of suit and reasonable attorneys' fees, and such other and further relief as the Court may deem just.

## COUNT THREE - PIERCING THE CORPORATE VEIL

30.     Ms. Woodhouse hereby incorporates the allegations of paragraphs 1 through 29 of the Complaint by reference as though set forth fully herein.

31.     As set forth above, TCL was severely undercapitalized to conduct its business.

32.     As set forth above, Mr. Timmons commingled personal and business expenditures, using TCL's assets specifically intended to pay for the materials and labor TCL agreed to perform for Ms. Woodhouse.

33.     Under the circumstances, it would be inequitable to enable Mr. Timmons to use TCL's corporate form to evade liability to Ms. Woodhouse.

WHEREFORE, plaintiff Sheila Woodhouse hereby demands judgment in her favor and against defendant Ryan Timmons for all amounts that defendant Timmons Construction LLC is adjudged to be liable to Ms. Woodhouse, in an amount to be proven at trial, together with prejudgment interest, costs of suit and reasonable attorneys' fees, and such other and further relief as the Court may deem just.

May 26, 2021

_____
Francis X. Taney, Jr.
Pa. Atty. I.D. 76590
Taney Legal LLC
1933 Prospect Ridge Boulevard
Haddon Heights, NJ 08035
Telephone: (215) 514-8736
Facsimile: (856) 494-1364
Email: frank.taney@taneylegal.com

Attorney for plaintiff